IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf of similarly situated persons, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | 13-cv-7848<br><br>Judge Zagel |
| v. | )<br>) | |
| NORTHERN VA COMPOUNDERS PLLC d/b/a AKINA PHARMACY; and DOES 1-3, | )<br>)<br>) | |
| Defendants. | ) | |

**AMENDED COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, brings this action to secure monetary and injunctive redress for the illegal actions of Defendants Northern VA Compounders PLLC d/b/a Akina Pharmacy ("Northern") and Does 1-3 (collectively "Defendants") in faxing an unsolicited advertisement that does not contain the required opt-out notice in the form of <u>Exhibit A</u> in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

3. Venue and personal jurisdiction in this District are proper because Defendants committed tortious acts in Illinois by the transmission of unlawful communications within the state, specifically targeting their unsolicited advertising to

Plaintiff.

**PARTIES**

4. Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation with offices in the Chicago metropolitan area that at all times relevant to the Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

5. According to the Virginia Secretary of State, Northern VA Compounders PLLC, is a Virginia Limited Liability Company and its registered agent is United States Corporation Agents Inc., 4870 Sadler Rd., Ste. 300 Glen Allen VA 23060.

6. Plaintiff sued Defendants Does 1-3 because although the subject fax, Exhibit A, advertises the products and services of Akina Pharmacy it is not clear what additional entities or persons participated in the transmission of the subject fax advertisement from the transmission.

**FACTS**

7. On October 30, 2013, Plaintiff Florence Mussat, M.D., S.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. Defendants are responsible for causing to be sent and/or the sending of the fax attached hereto as Exhibit A.

9. The sender of the fax attached hereto as Exhibit A intended the fax to be sent to a fax machine that could reach Plaintiff.

10. Defendant Northern is the entity whose products and services were advertised in the fax advertisement attached as Exhibit A.

11. The subject form fax, Exhibit A, is an advertisement the recipient to contact Akina Pharmacy.

Plaintiff.

**PARTIES**

4. Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation with offices in the Chicago metropolitan area that at all times relevant to the Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

5. According to the Virginia Secretary of State, Northern VA Compounders PLLC, is a Virginia Limited Liability Company and its registered agent is United States Corporation Agents Inc., 4870 Sadler Rd., Ste. 300 Glen Allen VA 23060.

6. Plaintiff sued Defendants Does 1-3 because although the subject fax, Exhibit A, advertises the products and services of Akina Pharmacy it is not clear what additional entities or persons participated in the transmission of the subject fax advertisement from the transmission.

**FACTS**

7. On October 30, 2013, Plaintiff Florence Mussat, M.D., S.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. Defendants are responsible for causing to be sent and/or the sending of the fax attached hereto as Exhibit A.

9. The sender of the fax attached hereto as Exhibit A intended the fax to be sent to a fax machine that could reach Plaintiff.

10. Defendant Northern is the entity whose products and services were advertised in the fax advertisement attached as Exhibit A.

11. The subject form fax, Exhibit A, is an advertisement the recipient to contact Akina Pharmacy.

12. Plaintiff had no prior relationship with Defendants and had not expressly authorized the sending of the fax advertisement, <u>Exhibit A</u>.

13. There are no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive urgent or private medial communications authorized by their owners, especially those in he medical community to whom Defendant's solicitation is targeting.

14. Furthermore no proper "opt out notice" as required by the TCPA, even when faxes are sent with consent or pursuant to an established business relationship, was provided in the faxes the form of is attached as <u>Exhibit A</u>.

## COUNT I – TCPA

15. Plaintiff incorporates ¶¶ 1-14 above.

16. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. §227(b)(1)(C).

17. <u>Exhibit A</u> is material advertising the commercial availability or quality of goods or services.

18. <u>Exhibit A</u> was sent without Plaintiff's prior express invitations or permission, in writing or otherwise.

19. 47 U.S.C. § 227(b)(2) gives the Federal Communications Commission the authority to issue regulations implementing the TCPA.

20. 47 C.F.R. § 64.1200 (a) (4) (iv) provides:

A facsimile advertisement that is sent to a recipient that has provided express invitation or permission to the sender must include an opt-out notice that complies

3

with the requirements in paragraph (a) (4) (iii) of this section.

21. 47 C.F.R. § 64.1200 (a) (4) (iii) provides:

The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--
(A) The notice is clear and conspicuous and on the first page of the advertisement;
(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a) (4) (v) of this section is unlawful;
(C) The notice sets forth the requirements for an opt-out request under paragraph (a) (4) (v) of this section;
(D) The notice includes--
    (1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and
    (2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and
(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

22. <u>Exhibit A</u> does not contain an opt-out notice compliant with 47 C.F.R. § 64.1200 (a) (4) (iii).

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
    (C) both such actions.
    If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not

4

more than 3 times the amount available under the subparagraph (B) of this paragraph.

24. Plaintiff and each class member who received a fax in the form of Exhibit A suffered some loss.

25. Furthermore, Plaintiff's and each class member's statutory right of privacy was invaded.

26. Plaintiff and each class member are entitled to statutory damages.

27. Defendants violated the TCPA even if their actions were only negligent.

28. Defendants should be enjoined from sending unsolicited faxes in the future.

29. Defendants should be enjoined from sending faxes that do not contain compliant opt-out notices.

## TCPA - CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class and subclass under the Rule 23(b)(3) and Rule 23(b)(2) consisting of:

CLASS: All persons who received at least one fax in the form of Exhibit A that lacked an opt-out notice, from a time period from fourteen business days prior date Exhibit A was sent to Plaintiff and fourteen business days after date Exhibit A was sent to Plaintiff.

SUBCLASS: All persons who received at least one fax in the form of Exhibit A where Defendants' records do not show that it had any prior express permission or invitation for the sending of such fax or did not have an established business relationship from a time period from fourteen business days prior date Exhibit A was sent to Plaintiff and fourteen business days after date Exhibit A was sent to Plaintiff.

5

31. On information and belief, the class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the classes and subclass above.

32. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether Defendants engaged in a pattern of faxing unsolicited advertisements;

  b. The manner in which Defendants compiled or obtained the list of recipients of the form fax, Exhibit A; and

  c. Whether Defendants thereby violated the TCPA.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

34. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants jointly and severally for:

  a. Statutory damages under the TCPA per fax received;

  b. An injunction against the further transmission of unsolicited faxes;

  c. An injunction against the further transmission of faxes without a

compliant opt-out notice;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com